**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JULIO CESAR ESTRELLA-GARCIA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C07-4030-MWB<br>(No. CR05-4115-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges, Plea, Sentencing and Appeal* . . . . . . . . . . . . . . . . . . . . 2
   *B. Section 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 3
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 7
      *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . 7
      *2. Failure To Request Downward Departure Based On Status* . . . 9
      *3. Failure To Advise Of Appeal Rights* . . . . . . . . . . . . . . . . 12
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 13

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

This matter comes before the court pursuant to petitioner Julio Cesar Estrella-Garcia's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on April 30, 2007. Estrella-Garcia claims that his trial counsel provided ineffective assistance of counsel in various ways. The prosecution denies that Estrella-Garcia is entitled to any relief on his claims.

### A. *Charges, Plea, Sentencing and Appeal*

On November 16, 2005, Estrella-Garcia was charged, by a four-count indictment (CR05-04115, docket no.1), with possessing and concealing falsely made, forged, counterfeited, or altered, currency in violation of Title 18 U.S.C. § 472. On December 14, 2005, a Superseding Indictment (CR05-04115, docket no. 4), was filed adding a charge of possession with intent to distribute methamphetamine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 860(a), and a charge of using false documents to obtain employment in the United States in violation of 18 U.S.C. § 1546(b).

Estrella-Garcia appeared before Chief United States Magistrate Judge Paul A. Zoss on January 12, 2006, and pled not guilty to all charges. *See* CR05-04115, docket no. 8. On March 20, 2006, Estrella-Garcia, pled guilty to all counts of the Superseding Indictment. *See* CR05-04115, docket no. 19.

Judge Zoss filed a Report and Recommendation to Accept Guilty Plea (CR05-04115, docket no. 23) on March 20, 2006. By Order (CR05-04115, docket no. 23), the undersigned Accepted the Report and Recommendation, thereby accepting Estrella-Garcia's plea of guilty.

Estrella-Garcia appeared before the undersigned and was sentenced on July 14, 2006. *See* CR05-04115, docket no. 26. Estrella-Garcia was sentenced to 70 months imprisonment on Counts One through Five and to 16 months on Count Six of the Superseding Indictment, all to be served concurrently and the original indictment was dismissed. *See*, CR05-04115, docket no. 27. Estrella-Garcia did not appeal his conviction or sentence.

### B. Section 2255 Motion

On April 30, 2007, Estrella-Garcia filed this *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1)("Motion"). Estrella-Garcia claims that his trial counsel provided ineffective assistance of counsel in various ways. The prosecution denies that Estrella-Garcia is entitled to any relief on these claims. Estrella-Garcia filed a *pro se* Supplement to his Motion (docket no. 4) on May 17, 2007. The prosecution filed a Response (docket no. 5) on May 31, 2007.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Estrella-Garcia's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

> collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United*

4

*States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)).

However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Estrella-Garcia's claims for § 2255 relief.

## B. *Preliminary Matters*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Estrella-Garcia's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Estrella-Garcia's allegations cannot be accepted as true because they are contradicted by the record.

Some of Estrella-Garcia's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*,

523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Estrella-Garcia can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Estrella-Garcia's claims for § 2255 relief.

### C. *Ineffective Assistance Of Counsel*

#### 1. *Applicable Standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Padilla is entitled to relief on his

7

§ 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

8

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### *2. Failure To Request Downward Departure Based On Status*

Although Estrella-Garcia does not specifically cast his claim and request for reduction of his sentence in terms of having received ineffective assistance of counsel, he does submit his claim under the title of such a motion. *See* Motion. Therefore, this court will liberally construe Estrella-Garcia's claim to be that he received ineffective assistance of counsel when his trial counsel failed to request a downward departure based on Estrella-

Garcia's status as a deportable alien. *See*, Motion. Estrella-Garcia claims that he should have been eligible for a downward departure because, as a deportable alien, he is not eligible for minimum security, nor is he eligible to serve a portion of his sentence in a halfway house. (Motion at 4). Estrella-Garcia also contends that his trial counsel should have argued for a downward departure on the basis that Estrella-Garcia would volunteer to be deported, thereby saving the INS from a lengthy deportation process, during a time when the INS lacks space to hold individuals during deportation processes. (Motion at 8).

The prosecution argues that Estrella-Garcia cannot establish prejudice because his status is entirely attributable to his own conduct and Estrella-Garcia would be considered an increased flight risk, so that the more onerous conditions of confinement are appropriate. (Pros. Mem. at 9-10). The prosecution also claims that Estrella-Garcia cannot establish prejudice because even if he were willing to stipulate to his own deportation, Estrella-Garcia has not demonstrated that he has a colorable, non-frivolous defense to deportation or shown that a waiver of that defense would substantially assist the administration of justice. (Pros. Mem. at 10).

The Eighth Circuit Court of Appeals has considered whether or not a downward departure is appropriate on the basis of more severe conditions for deportable aliens and has said that "there must be additional facts concerning the defendant's individual circumstances to make the particular case atypical or unusual." *United States v. Lopez-Salas*, 266 F.3d 842, 846 (8th Cir. 2001) (citing *United States v. Bautista*, 258 F.3d 602, 606 (7th Cir. 2001) (holding that departure based on the collateral consequences of deportation is proper only if defendant's circumstances are "extraordinary")). In this case, Estrella-Garcia's status is entirely attributable to his own voluntary acts, and he has alleged no facts to convince the undersigned that his circumstances are extraordinary. *See United States v. Bahena*, 223 F.3d 797, 807 (8th Cir. 2000) (defendant who was convicted of

conspiracy to distribute methamphetamine and to possess it with the intent to distribute, was not entitled to downward departure under sentencing guidelines on basis that his status as a deportable alien would result in his incarceration under more severe conditions…refusal to depart was not an abuse of discretion, since defendant's status was entirely attributable to his own voluntary acts.) Estrella-Garcia has not alleged any facts that would establish that his case falls outside the heartland of the guidelines. *See United States v. Navarro*, 218 F.3d 895, 898 (8th Cir. 2000). For that reason, Estrella-Garcia cannot establish that he was prejudiced by his counsel's failure to request a downward departure on this basis.

The Eighth Circuit Court of Appeals does generally recognize the availability of a downward departure in cases involving an alien willing to waive his right to an administrative deportation proceeding. *See United States v. Ramirez-Marquez*, 372 F.3d 935, 938 (8th Cir. 2004). However, a defendant seeking a downward departure for waiving deportation rights must demonstrate a colorable, non-frivolous defense to deportation and show that a waiver of that defense would substantially assist the administration of justice. *Id*. Further, while a sentencing court may grant a downward departure under U.S.S.G. § 5K2.0 for a defendant's willingness to waive resistance to deportation, the decision to depart or not, is soundly within the district court's discretion. *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001). Although Estrella-Garcia argues that his voluntary agreement to deportation would assist the administration of justice by lessening the burden on INS, the undersigned does not see how this is a factor that is unique to Estrella-Garcia. Estrella-Garcia has not alleged that he has any colorable, non-frivolous defense to deportation, nor does the undersigned find anything in the record that would indicate that the court would have felt that there was any basis for a downward departure in this case. Therefore, Estrella-Garcia is unable to establish prejudice and his

claim must fail on this ground. Courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 3. *Failure To Advise Of Appeal Rights*

Again, although not specifically cast as a claim based on ineffective assistance of counsel, Estrella-Garcia states several times through out his Motion that he was not advised of his appeal rights. *See* Motion.

The prosecution addresses this allegation by indicating that Estrella-Garcia was informed of his appeal rights during his plea hearing and again at his sentencing hearing. (Pros. Mem. at 8). Further, the prosecution attaches an affidavit of trial counsel indicating that trial counsel briefly discussed appeal rights with Estrella-Garcia. (Pros. Mem. Ex,1, at 2.

The undersigned notes that Estrella-Garcia was advised by the court, during both the plea-hearing and near the conclusion of his sentencing hearing, assisted by the services of an interpreter, that he could appeal and how to do so. *See* CR05-4115, docket nos. 33 and 34). Thus, even if Estrella-Garcia could establish that his trial counsel's performance was deficient in this regard, and this court cannot so find, he would be unable to prove prejudice because any such failure was corrected by the information provided to Estrella-Garcia by the court. Courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). Estrella-

Garcia's claim that he was denied effective assistance of counsel because he was not advised of his rights to appeal, therefore, fails.

### D. Certificate Of Appealability

Denial of Estrella-Garcia's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Estrella-Garcia has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Estrella-Garcia's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Estrella-Garcia does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### III. CONCLUSION

Upon the foregoing, defendant Estrella-Garcia's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 26th day of August, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA